By the Court.—Sedgwick, J.
The action was to recover possession of certain choses in action. The verdict was given on April 17,1879, for plaintiff, and the jury assessed the value of the property at $3,241.23, but did not assess any damages for the detention. The-court ordered that judgment upon the verdict be stayed, and that defendant’s exceptions be heard in first instance at general term. The general term overruled the exceptions, and ordered that plaintiff have judgment on the verdict. The clerk entered judgment that the plaintiff recover possession of the property; that in case a recovery of possession cannot be had, then that plaintiff recover from the defendant the sum of $3,241.23, being the value of the property as assessed; no interest was added to this sum, excepting as a following independent clause provided. This clause was: “It is further adjudged that the plaintiff recover from the defendant the sum of $151,60, being interest on the verdict aforesaid, as com *136 puted by the clerk of this court, from the time of rendering of said verdict to the time of entering this judgment, and which, added to the amount thereof, makes a total of $3,392.83.”
The defendant’s counsel claimed below that the judgment should be modified by striking out the last clause, and adding the interest to the sum which the plaintiff recovered, in case possession could not be had. It seems clear that the form adopted gives an absolute and not a conditional judgment, both for the value assessed and the interest computed on it. This is not correct, and indeed was probably unintentional. On the appeal, the only difference between counsel was in respect of the interest. Section 1,235 of the Code of Civil Procedure contains the only authority the clerk has, to increase a sum awarded by verdict by adding interest. The interest must be added to the sum
awarded. The clerk has no power to alter the judgment or any condition of it, in any particular. After the sum is added, it must be left to all the conditions applicable to the principal awarded.
The result of not doing this, in the case here, has been that the clerk has assessed damages when there is no adjudication that the plaintiff is entitled to them, and when the clerk is not empowered to assess them.
The judgment should be modified by striking out the last clause, and by adding the amount of interest to the sum to be recovered, in case possession cannot be had.
Order appealed from reversed, with' $10 costs, and disbursements to be taxed, and an order should be entered, modifying judgment as has been stated.
Freedman, J., concurred.